IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-539-FL

| | | |
|---|---|---|
| DAVID J. ADINOLFI, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF JUSTICE, an agency of the State of North Carolina, and JOSH STEIN, in his official capacity as Attorney General of the State of North Carolina, | ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for failure to state a claim (DE 42). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that defendants' motion be granted in part and denied in part. (DE 48). The parties each have filed objections and responses thereto. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts in part and rejects in part the M&R, and grants in part and denies in part defendants' motion, on the terms set forth herein.

### STATEMENT OF THE CASE

Plaintiff, an attorney formerly employed by the defendant North Carolina Department of Justice (NCDOJ), commenced this employment discrimination action on November 6, 2018, asserting claims under the Age Discrimination in Employment Act (ADEA), Americans with Disabilities Act (ADA), and North Carolina law, on the basis of discrimination, hostile work environment, failure to accommodate, and retaliation. Defendants moved to dismiss on January

25, 2019, and plaintiff filed a first amended complaint on February 12, 2019, along with a motion for preliminary injunction on February 20, 2019. Defendants again moved to dismiss on March 8, 2019. The court denied a motion for preliminary injunction by plaintiff on March 13, 2019, and granted leave to plaintiff to file a second amended complaint, rendering defendants' second motion to dismiss moot.

Plaintiffs filed the operative second amended complaint on July 8, 2019, again asserting claims under the ADEA, ADA, and North Carolina law based upon discrimination, hostile work environment, failure to accommodate, and retaliation. Plaintiff seeks damages, reinstatement, and reasonable accommodation, along with fees, costs, and trial by jury.

Defendants filed the instant motion to dismiss on August 5, 2019, relying upon correspondence between defendant NCDOJ and plaintiff, as well as plaintiff's Equal Employment Opportunity Commission (EEOC) charges of discrimination, and notices of right to sue and grievance forms. Plaintiff responded in opposition, defendant replied, and the motion was referred to magistrate judge on September 23, 2019. In the M&R entered January 9, 2020, it is recommended that plaintiff's ADEA hostile work environment claim be dismissed with prejudice; plaintiff's ADEA discrimination claim be allowed to proceed, except where based upon November 2017 demotion; plaintiff's ADA accommodation claim be dismissed without prejudice; plaintiff's ADA retaliation claim be allowed to proceed; plaintiff's state law claim be dismissed; and all claims against defendant Josh Stein ("Stein") be dismissed.

Plaintiffs and defendants, respectively, filed objections to the M&R on February 10, 2020, and they filed responses, respectively, on February 24, 2020.

### STATEMENT OF ALLEGED FACTS

The court incorporates herein the summary of alleged facts, as set forth in the M&R, for ease of reference.

Adinolfi was born in 1968, and he became employed by Defendant [NCDOJ] in 2000 as an Assistant Attorney General. The NCDOJ is organized into divisions led by Senior Deputy Attorneys General, and each division is subdivided into sections led by section heads. Adinolfi served in the Civil Division in the Revenue Section from 2000 to 2002. In 2002, he moved to the Special Prosecutions Section within the Criminal Division. In September 2012, Adinolfi was promoted to the position of section head of the Special Prosecutions Section. Adinolfi alleges that he never received negative performance reviews and received numerous merit pay increases. 2d Am. Compl. [DE-39] ¶¶ 7-13.

In November 2017, the NCDOJ underwent a reorganization. The Special Prosecutions Section was absorbed into the Capital Litigation and Federal Habeas Section, and Adinolfi was no longer a section head. He was asked to be the team leader for special prosecutions personnel within the Capital Litigation Section, but it was not a formal position. The reorganization resulted in a loss of supervisory responsibility, loss of job title, and reduction in pay grade for Adinolfi. Adinolfi alleges that he was promised that if the Special Prosecutions Section were ever reformed, he would be reinstituted as the section head. Also in November 2017, the NCDOJ created a new position called the Criminal Bureau Chief, who, in addition to the Senior Deputy Attorney General, supervised the entire Criminal Division. An attorney under the age of forty was hired to fill that position. 2d Am. Compl. [DE-39] ¶¶ 14-18.

In January 2018, the Criminal Bureau Chief held a meeting at which Adinolfi was present, and she stated that NCDOJ personnel "serve at the pleasure of the Attorney General." Adinolfi alleges that the statement was false because he is a permanent career employee under the North Carolina Personnel Act, and he can only be discharged for just cause and with due process. 2d Am. Compl. [DE-39] ¶¶ 20-21.

In March 2018, the NCDOJ reformed the Special Prosecutions Section and made the Criminal Bureau Chief the section head in addition to her role as Criminal Bureau Chief. The Criminal Bureau Chief informed Adinolfi that he was being transferred to the Law Enforcement Liaison Section of the Criminal Division. Adinolfi alleges that the matters handled by the Law Enforcement Liaison Section are outside of his area of expertise. He objected to the transfer, and the Criminal Bureau Chief again informed him that he "served at the pleasure of the Attorney General." Adinolfi filed grievances with the NCDOJ human resources office, and he requested written documentation of his transfer and demotion, but no documentation was provided to him. 2d Am. Compl. [DE-39] ¶¶ 22-29.

Several days after Adinolfi was told he would be transferred, he was diagnosed with high blood pressure in the stroke range and severe anxiety. His physician advised him to stop working immediately, so he went on sick leave and has remained out of work since March 2018. On March 29, 2018, Adinolfi requested an accommodation in the form of a transfer . . . to State Agencies Section

3

of the Civil Division, the ability to work from home two days per week, a reduced caseload, only two criminal appeals per year, and the ability to go to medical appointments and the gym during the week as needed. On June 29, 2018, the NCDOJ denied Adinolfi's request and informed him that his options were to return to his current position in the Criminal Division and take leave as needed for doctor's appointments, transfer to the Public Safety Section and take leave as needed for doctor's appointments, or continue his leave of absence and apply for short term disability. Adinolfi exhausted his leave time, and the NCDOJ terminated his employment on March 18, 2019. 2dAm. Compl. [DE-39] ¶¶ 30-35.

On August 7, 2018 Adinolfi filed a charge with the [EEOC] in which he checked the box indicating he claimed he had been discriminated against on the basis of his age in violation of the [ADEA] on March 14 and 15, 2018. [DE-43-3]. The charge form does not indicate a continuing action. Id. It appears from the charge narrative that the charge stems from Adinolfi learning in March 2018 that he would not be restored to the position of Section Head in the Special Prosecutions Division following his November 2017 demotion. Id. Adinolfi also mentions in the narrative that he had "requested a reasonable accommodation for health issues that have emerged from the demotions and transfer (i.e. high blood pressure in the stroke range, adjustment disorder, panic disorder, and extreme anxiety)." Id. at 2. He claims further that the Attorney General's office was attempting to force him to exhaust his sick and vacation time or file for disability then claim he is "unavailable" and terminate him. Id. The EEOC issued a Dismissal and Notice of Rights on August 8, 2018. [DE-43-4].

On November 2, 2018, Adinolfi filed a second EEOC charge in which he checked the boxes claiming disability discrimination and retaliation in violation of the ADA Ex. 4 [DE-43-5]. Adinolfi indicates in his second charge that the earliest the discriminatory acts occurred was March 29, 2018 and the latest was October 17, 2018. The charge does not indicate a continuing action. Id. In his charge narrative, Adinolfi claims he applied for a reasonable accommodation to be transferred to the Civil Division and the Department of Justice denied his request on June 29, 2018, and had offered him positions in the Criminal Division. Id. According to Adinolfi's charge, NCDOJ denied his accommodation request because it believed he did not have a medical disability. Id. . . . .

On April 22, 2019, Adinolfi filed a third EEOC charge, alleging discrimination on the basis of disability and retaliation in violation of the ADA. Ex. 6 [DE 43-7]. The date of alleged discrimination indicated on the charge form is March 18, 2019. Id. No continuing action is indicated. In his charge narrative, Adinolfi indicates he believes he was "retaliated [against] in the form of being denied a reasonable accommodation . . . , and then being discharged, based on . . . filing two prior EEOC charges . . . , filing a lawsuit and filing ,with the North Carolina Office of Administrative Hearing." Id. He indicates further that on or about March 18, 2019 he was advised he was being discharged because he had exhausted his leave and filed to return to work. Id. On May 8, 2019, the EEOC issued its Notice of Rights by letter to Adinolfi's counsel. [DE-43-8].

(M&R at 1-5).

## COURT'S DISCUSSION

A.    Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.    Analysis

In this case, the magistrate judge thoroughly and cogently addressed the issues raised by defendants' motion to dismiss. The magistrate judge correctly determined that plaintiff has stated a claim for discrimination under the ADEA and for retaliation under the ADA. See O'Connor v.

5

Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (ADEA); Reynolds v. Am. Nat. Red Cross, 701 F.3d 143, 154 (4th Cir. 2012) (ADA retaliation). The magistrate judge also correctly determined that plaintiff failed to state a claim for hostile work environment based upon age and failure to accommodate under the ADA. See Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998) (hostile work environment); Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (failure to accommodate). Upon careful review of the record and the parties' objections to these determinations, the court adopts the analysis and recommendation of the magistrate judge as to these claims.[1]

The court writes separately to note two points of diversion with the analysis and recommendation in the M&R. First, the magistrate judge determined that plaintiff's claim of discrimination under the ADEA did not extend to the November 2017 demotion, because that portion of the claim is time barred and not subject to continuing violation doctrine or equitable tolling. The court adopts the recommendation of the magistrate judge as it pertains to the continuing violation doctrine (see M&R at 11-12), but the court rejects the recommendation as it pertains to equitable tolling. (See id. at 9-11).

Equitable tolling of the filing period for an EEOC charge may apply based upon "actions that the employer should unmistakably have understood would cause the employee to delay filing his charge," and "employer conduct likely to mislead the employee into sleeping on his rights." Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982). Here, plaintiff alleges that at the time he was informed of his demotion, he "was assured by agents of Defendants that, if Special Prosecutions were ever reconstituted . . . that he would be restored to his position as section head of that section," and "[f]or that reason," among others, plaintiff "did not institute grievance

---

[1] The court also adopts upon clear error review the determination in the M&R regarding dismissal of plaintiff's state law claim and claim against defendant Stein, (see M&R at 27-31), to which no objections were raised.

proceedings at that time to protest the actions against him." (2d Am. Compl. ¶ 17). At this stage of the proceedings, drawing inferences in plaintiff's favor based upon all allegations in the complaint, the court allows plaintiff's claim based upon the 2017 demotion to proceed. In so holding, the court does not preclude further consideration of the applicability of the law of equitable tolling to the evidence in this case, upon a more complete record at a later juncture.

Second, the magistrate judge recommended dismissal "without prejudice" of plaintiff's failure to accommodate claim under the ADA. (See M&R at 23). As part of this recommendation, the magistrate judge determined that plaintiff had sufficiently pleaded a failure to accommodate, but that plaintiff had not identified a major life activity that is substantially limited by plaintiff's impairments. (See id. at 20-24). The court agrees with and adopts the portion of the analysis in the M&R that plaintiff has not identified a major life activity that is substantially limited by plaintiff's impairments, particularly where plaintiff alleges ability to work in the Civil Division but not the Criminal Division of the NCDOJ. (See, e.g., 2d Am. Compl. ¶¶ 33-34); see Class v. Towson Univ., 806 F.3d 236, 245 (4th Cir. 2015).

The court rejects that part of M&R, however, recommending that this claim be dismissed "without prejudice." At this juncture in this case, where plaintiff already has had multiple opportunities to plead this claim, including in response to motion to dismiss by defendants, the court determines that dismissal without prejudice is not in the interests of justice, and that instead this claim must be dismissed with prejudice. The court also rejects that part of the M&R, wherein it is suggested that plaintiff has pleaded a failure to accommodate. While the "reasonableness of plaintiff's requested accommodation is a question of fact," (M&R at 24), this does not relieve plaintiff from the obligation of pleading "[f]actual allegations [that are] enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Here, plaintiff has not done so.

Accordingly, plaintiff's failure to accommodate claim under the ADA must be dismissed for this additional reason.

## CONCLUSION

Based on the foregoing, the court ADOPTS IN PART and REJECTS IN PART the M&R, as set forth herein. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The following claims are allowed to proceed:

1. ADEA age discrimination claim, including on the basis of November, 2017, demotion.
2. ADA retaliation claim.

All other claims asserted in the second amended complaint are dismissed as follows:

1. ADEA hostile work environment and ADA failure to accommodate claims are DISMISSED WITH PREJUDICE.
2. State law claims and claims against defendant Stein are DISMISSED WITHOUT PREJUDICE, for lack of subject matter jurisdiction.

An initial order regarding planning and scheduling will follow.

SO ORDERED, this the 24th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge